UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH J. O'HARA,

                                                Plaintiff,

        -v.-
                                                                                     1:12-CV-252

KEITH A. RANIERE, *et al.*,                                          (GLS/ATB)

                                               Defendants.

---

JOSEPH J. O'HARA
Plaintiff, *pro se*

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER

On February 9, 2012, plaintiff filed the complaint in this action, together with a motion to proceed *in forma pauperis* (IFP). (Dkt. Nos. 1, 2). On February 16, 2012, I issued an order, denying the IFP motion without prejudice to plaintiff filing a supplemental motion to proceed IFP in which he would provide the court with further information in support of his financial status. (Dkt. No. 4). On March 9, 2012, plaintiff filed his supplemental motion. (Dkt. No. 5). A review of that supplemental information shows that plaintiff does have income, and this court questions whether he would meet the financial criteria for filing IFP.

While the court was reviewing plaintiff's newly filed motion, it discovered that there are other cases, both closed and pending in this district that appear to be substantially related to the instant action. *See NXIVM Corp. et al. v. O'Hara et al.*, 1:05-CV-1045 (GLS/ RFT) (closed 9/14/05); *NXIVM Corp. et al. v. O'Hara et al.*, 1:05-CV-1546 (GLS/RFT) (closed 9/27/07, but reopened for purposes of a pending

motion to vacate the dismissal order and for partial summary judgment. (Dkt. No. 118, filed Jan. 30, 2012); *Bronfman et al. v. O'Hara*, 1:10-CV-807 (LEK/DRH) (closed 7/23/10); *O'Hara v. Bronfman*, 1:11-CV-807 (LEK) (still pending); *O'Hara v. Accelify, LLC*, 1:11-CV-1192 (GTS/DRH) (still pending). One of these cases is an appeal from a Bankruptcy Court decision, issued by Judge Littlefield in which Clare and Sara Bronfman, (defendants in this case), are Appellees.[1] *O'Hara v. Bronfman*, 1:11-CV-807 (LEK). Plaintiff is represented by counsel in that action. Most of the cases cited above deal with plaintiff's business dealings with the Bronfmans and other defendants. In some of the cases, Mr. O'Hara is the plaintiff, while in others, he has been sued by these individuals and companies. In this case, plaintiff is now attempting to sue, not only the Bronfmans, but NXIVM Corporation, other companies, their attorneys, and their respective law firms. (Dkt. No. 1). Many of the facts overlap.

The determination of whether cases are related in this District is governed by NDNY General Order No. 12(G). Cases are "related" when "because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning the cases to the same Judge and Magistrate Judge. Gen. Order No. 12(G)(2). Although civil cases are not "presumptively" related unless both cases are still pending, the court may make a determination that the cases are "related." Gen. Order No. 12(G)(4)-(G)(5).

---

[1] In a lengthy opinion, Judge Littlefield denied plaintiff's discharge in Bankruptcy. (Dkt. No. 1 at 22-44; 1;11-CV-807). The appeal has been briefed and is currently before Judge Lawrence E. Kahn.

Although the two cases most related to the instant action have notations on the Docket Sheets that they are "Closed," *NXIVM Corp. et al. v. O'Hara, et al.,* 1:05-CV-1546 (GLS/RFT) has a pending motion to vacate the order of dismissal and motion for partial summary judgment, filed on January 30, 2012. (Dkt. No. 118).  On March 26, 2012, Chief Judge Sharpe granted a letter request by plaintiff's in that action, seeking to adjourn the motion schedule for 30 days. (Dkt. No. 124).  The motions have been fully briefed. (Dkt. Nos. 118, 119, 122).  Although Mr. O'Hara was represented by counsel at the beginning of 1:05-CV-1546, he is now proceeding *pro se*.  The plaintiffs in 1:05-CV-1546 are asking Chief Judge Sharpe to "vacate" the "Judgment Dismissing Action by Reason of Settlement" and have moved for partial summary judgment on a cause of action for breach of two promissory notes signed by Mr. O'Hara. (Dkt. No. 118-1 in 1:05-CV-1546 at 13).  The court notes that the Bronfmans have substituted Damon Morey, LLP as their counsel, and Damon Morey, LLP happens to be a defendant in 1:12-CV-208.  If Chief Judge Sharpe vacates the order of dismissal, then the earlier case will still be pending.

With the approval of Chief Judge Sharpe and Magistrate Judge Treece,[2] this court finds that the cases are sufficiently related that this case should be reassigned to the same District Court Judge and Magistrate Judge.  Assigning the case to the same District Judge and Magistrate Judge will save time and judicial resources because of the complexity of the actions and Magistrate Judge Treece's familiarity with the

---

[2] The Docket Sheet in 1:05-CV-1546 shows that Magistrate Judge Treece has done a substantial amount of work on that case and is very familiar with the facts surrounding plaintiff's cases.

3

issues.  The court will leave plaintiff's motion to proceed IFP for Magistrate Judge Treece to decide based on his knowledge of plaintiff and his cases, together with plaintiff's newly-filed motion for IFP status.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the Clerk reassign *O'Hara v. Raniere*, 1:12-CV-252 (GLS/ATB) to Magistrate Judge Treece, pursuant to General Order No. 12(G), and it is

**ORDERED**, that the Clerk send the file to Magistrate Judge Treece for his review of plaintiff's motion for IFP status.

Dated: March 29, 2012

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge