UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

# NOTICE

### THE ATTACHED FILING ORDER IS A TIME SENSITIVE DOCUMENT

This filing order is to be served on all parties to the action along with the complaint or petition for removal within **sixty (60) days** of filing this action.

The attached Civil Case Management Plan must be completed and filed with the clerk no later than **fourteen (14) days** prior to the conference date referenced below.

CONFERENCE DATE/TIME:  **August 16, 2012, at 10:30AM**

CONFERENCE LOCATION:  **Albany, New York**

BEFORE MAGISTRATE JUDGE:  **RANDOLPH F. TREECE**

CONTENTS:

- General Order #25 (Filing Order)

- Case Management Plan (Attachment B)

- Case Assignment/Motion Schedules and Filing Locations (Attachment C)

- Consent Form to Proceed before U.S. Magistrate Judge (Attachment D)

**NOTE: IF THIS IS A QUALIFYING CONTRACT, TORT OR NON-PRISONER CIVIL RIGHTS CASE IT WILL BE DIVERTED INTO THE DISTRICT'S NON-BINDING ALTERNATIVE DISPUTE RESOLUTION PROGRAM (ADR) FOR Arbitration, Mediation or Early Neutral Evaluation.  The Clerk will indicate the appropriate track based on the Nature of Suit.**

　　　　　　　　　　　　　　　　　　　　　  X   ADR Track

FRM DATE - 2/10/2012

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF NEW YORK

# GENERAL ORDER #25

## I. PURPOSE

It is the policy of this court to help litigants resolve their civil disputes in a just, timely and cost-effective manner. To that end, this court has adopted an Expense and Delay Reduction Plan in accordance with the Civil Justice Reform Act of 1990. This will tailor the level of individualized case management needs to such criteria as case complexity, and the amount of time reasonably needed to prepare the case for trial.

## II. SCOPE

This order applies to all civil cases filed in this court except: multi-district litigation, cases remanded from the appellate court, reinstated and reopened cases, and cases in the following nature of suit categories indicated on the civil cover sheet: Prisoner Petitions(510-550), Forfeiture/Penalty (610-690), Bankruptcy (422-423), Social Security (861-865) Contracts (only nos. 150: Recovery of Overpayment and Enforcement of Judgment 151: Medicare Act, 152: Recovery of Defaulted Student Loans, 153: Recovery of Overpayment of Veteran's Benefits, and other contract actions which involve the collection of debts owed to the United States), Real Property (only no. 220: Foreclosure, and other Statutes (only no. 900: Appeal of Fee Determination Under Equal Access to Justice).

*Note - When the Court deems it appropriate, Rule 16 Scheduling Conferences will be held in the above excepted actions.

The Court has adopted the guidelines of civility as outlined in the New York State Bar Association Guidelines on Civility in Litigation, a copy of which is available on the courts web-site at www.nynd.uscourts.gov.

## III. SERVICE

**A. Timing:**
When serving a Complaint or Notice of Removal, the filing party shall serve on all other parties a copy of this General Order and the attached materials. Service of process should be completed within **Sixty** (60) days from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court and to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other Rule or Statute which may govern service of process in a given action.

**B. Filing Proof(s) of Service:**
Proof(s) of service of process are to be filed with the clerk's office no later than five (5) days after service of the complaint or notice of removal with a copy of this General Order.

**C. Non Compliance with Sixty (60) Day Service Requirement:**
In the event that the filing party cannot comply with the Sixty (60) day service requirement, that party shall immediately notify the assigned Magistrate Judge and request an adjournment of the initial Rule 16 case management conference date contained in the attached Civil Case Management Plan.

If an adjournment of the conference date is granted, it shall be the responsibility of the filing party to notify all parties to the action of the new date, time and location for the case management conference. Proof of service of such notice shall then be immediately filed with the clerk's office.

### IV.  ADDITIONAL PARTIES                     Judge

Any party who, after the filing of the original complaint or notice of removal, causes a new party to be joined in the action shall promptly serve on that new party a copy of General Order 25 along with any additional Uniform Pretrial Scheduling Order that has been entered by the court.

### V.  REMOVED CASES

In cases removed to this court from a state court, the removing defendant(s) shall serve on the plaintiff(s) and all other parties, at the time of service of the notice of removal, a copy of this General Order with the attached materials.  The filing of a motion for remand does not relieve the moving party of any obligation under this General Order unless the assigned judge or magistrate judge specifically grants such relief.

### VI.  TRANSFERRED CASES

The clerk shall serve a copy of this General Order on all parties that have appeared in any action transferred to this district. The clerk shall set a return date for the initial Rule 16 case management conference on the form attached to the General Order. It shall be the obligation of the plaintiff or plaintiff's counsel to arrange for completion of the attached Case Management Plan and to file the Plan with the clerk and to serve this General Order upon any party who had not appeared in the action at the time of transfer.

Attorneys appearing in transferred cases are reminded of their obligation to be properly admitted to this district in accordance with Local Rule 83.1.

### VII.     MATERIALS INCLUDED WITH THIS GENERAL ORDER PACKET

A)   Notice of Initial Rule 16 Case Management Conference
B)   Civil Case Management Plan
C)   Case Assignment Form
D)   Notice and Consent Form to Exercise of Jurisdiction by a United States Magistrate

### VIII. ADR PROGRAMS

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly, and efficiently as possible. We offer a wide selection of non-binding alternative dispute resolution (ADR) options - each of which provides different kinds of services so that parties can use the procedure that best fits the particular circumstances of their case. Selected Contract, Tort and non-prisoner Civil Rights cases will be diverted into Court-Annexed non-binding Arbitration, Mediation or Early Neutral Evaluation. The Northern District of New York alternative dispute resolution programs are governed by Local Rules 83.7 (Arbitration), 83.11-1, (Mediation), and 83.12-1 (Early Neutral Evaluation). The parties are encouraged to discuss the ADR alternatives in advance of the Rule 16 Pretrial Conference. At the Rule 16 Pretrial Conference, the assigned Magistrate Judge or District Court Judge will assist the parties in the selection of an appropriate ADR alternative.

In addition to Arbitration, Mediation and Early Neutral Evaluation, the court also offers the following ADR processes:

#### A) Settlement Conferences:

The parties are advised that the court will honor a request for a settlement conference at any stage of the proceeding. A representative of the parties with the authority to bind the parties must be present with counsel or available by telephone at any settlement conference.

#### B) Consent to Jury or Court Trial Before A United States Magistrate Judge:

By written stipulation, the parties to any civil action may elect to have a magistrate judge (instead of the assigned Article III judge) conduct all proceedings in any civil case, including presiding over a jury or bench trial. A trial before a magistrate judge is governed by the same procedural and evidentiary rules as trial before a district judge. The right to appeal is automatically preserved to the United States Court of Appeals under the same standards which govern appeals from an Article III judge. Parties often consent to resolution of their civil disputes by magistrate judge bench or jury trial because magistrate judges have less crowded calendars.

### IX. DISCOVERY

**A. Discovery Motions:** Prior to bringing a discovery dispute to a Magistrate Judge, the parties must confer in good faith in accordance with the provisions of Local Rule 7.1(d). In addition, no non-dispositive or discovery motions should be presented to the Court unless authorized by the Magistrate Judge after communication with the Magistrate Judges' chambers.

**B. Filing Discovery:** Parties are directed not to file discovery material unless it is being filed in accordance with Local Rule 26.2.

For additional information on local requirements related to depositions and discovery please refer to Section V. of the Local Rules of this court.

### X. MOTIONS

**A. Motion Return Dates:** Please refer to the attached case assignment form for a complete listing of the motion return dates for the judges and magistrate judges of this court.

For additional information on local requirements related to motion practice, please refer to Local Rule 7.1.

### XI. CASE MANAGEMENT CONFERENCE

Except in actions exempted under Section II of this order, or when otherwise ordered by the court, the parties shall as soon as practicable, meet to jointly address each item contained in the attached Case Management Plan packet. The completed plan is to be filed with the clerk not later than **ten (10) days** prior to the conference date. The NOTICE setting the date, time, and location for the initial Rule 16 conference with the court is included as part of this filing order.

The Civil Justice Reform Act Plan of this court requires the court to set "early, firm" trial dates, such that the trial is scheduled to occur within eighteen (18) months after the filing of the complaint, unless a judicial officer certifies that (I) the demands of the case and its complexity make such a trial date incompatible with serving the ends of justice; or (II) the trial cannot reasonably be held within such time because of the complexity of the case or the number or complexity of pending criminal cases.

## XII.  ELECTRONIC FILING

As of January 1, 2004, all documents submitted for filing by attorneys admitted to practice in the Northern District of New York shall be filed electronically using the CM/ECF system.  Refer to General Order #22 for procedures for filing documents electronically.  Attorneys must be registered for both PACER and CM/ECF.  Consult the CM/ECF section of the courts web-site at www.nynd.uscourts.gov for PACER registration, CM/ECF registration, CM/ECF training dates, and General Order #22.

**REVISED GENERAL ORDER #25**
**Dated:    February 10, 2012**

**s/**
_____
**Hon. Gary L. Sharpe.**
**Chief U.S. District Judge**

- The 3/30/95 revision clarifies the time frame for filing the case management plan. The revision also includes a provision for issuing G-25 orders on excepted actions when the court deems it appropriate to schedule a Rule 16 conference.
- The 3/26/97 revision expands the scope of ADR programs offered by the Northern District of New York and removes the reference to General Order #41 which was incorporated into Local Rule 7.1(b)1 on January 1, 1997.
- The 11/30/00 revision allows for the inclusion of non-prisoner civil rights cases in the ADR program.
- The 04/01/02 revision modifies Section IX - Discovery motions.
- The 06/18/04 revision adds Section XII - Electronic Filing.
- The 06/13/2007 revision includes a modification to the civil case management plan document attached to this General Order - in re: Electronic Discovery.
- The 12/11/2009 revision changes the date for the filing of the civil case management plan from 10 days prior to the conference to 14 days prior to the conference.
- The 1/3/2010 revision added Magistrate Judge Andrew T. Baxter.
- The 4/18/2011 revision added U.S. District Judge Mae A. D'Agostino and Magistrate Judge Victor E. Bianchini.
- The 12/16/2011 revision reflects Hon. Gary L. Sharpe as Chief Judge.
- The 2/10/2012 revision added Magistrate Judge Thérèse Wiley Dancks.

Page 4

CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

 **Joseph J. O'Hara**

 No. **12-CV-252  GLS/RFT**

   VS

 **Keith A. Raniere, et al.**

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable RANDOLPH F. TREECE, United States Magistrate Judge on **August 16, 2012, at 10:30AM** at the United States Courthouse, at Room Number 406,Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below.  That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference.  Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier.  Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the _____ day of _____, _____.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the _____ day of _____, _____.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the _____ day of _____, _____. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the _____ day of _____, _____. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**
FRM DATE - 2/10/2012

Page 1

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the _____day of_____, _____. It is anticipated that the trial will take approximately _____ days to complete.  The parties request that the trial be held in _____, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:** _____(YES) / _____(NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

**12) DISCOVERY PLAN:**

    A.    **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before

    B.    **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

    C.    **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

    D.    **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

**E.**     **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

_____

_____

_____

**F.**     **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

_____

_____

_____

**G.**     **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

_____

_____

_____

H.   **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

I.   **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?** Please circle below the prospect for settlement:

1-----2-----3-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY)➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ (LIKELY)

CANNOT BE EVALUATED PRIOR TO _____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.**

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

_____   ARBITRATION

_____   MEDIATION

_____   EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ at _____and was attended by:
(Date)(Place)
_____for plaintiff(s)

\_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ f o r defendant(s)_____
(party name)
\_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ f o r defendant(s)_____
(party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk at least fourteen (14) days in advance of the conference date.***

Case Management Plan
FRM - DATE 2/10/2012

Page 7

<u>CASE ASSIGNMENT FORM</u>

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

**CIVIL ACTION NUMBER**     12-CV-252, GLS/RFT

ALL CORRESPONDENCE AND FILINGS SHOULD BEAR THE INITIALS OF THE ASSIGNED JUDGE AND MAGISTRATE JUDGE IMMEDIATELY FOLLOWING THE CIVIL ACTION NUMBER.
(*IE: CIVIL ACTION NO 5:11-CV-0123, NAM-DEP*)

DOCUMENTS SHOULD BE FILED IN ACCORDANCE WITH GENERAL ORDER #22.

ACTION ASSIGNED TO THE JUDGE AND MAGISTRATE JUDGE CHECKED BELOW:

**INITIALS**

   X     CHIEF JUDGE GARY L. SHARPE                              (GLS)

   X     MAGISTRATE JUDGE RANDOLPH F. TREECE           (RFT)

<u>**PRO SE LITIGANTS:**
**SEND ALL ORIGINAL PAPERS TO THE CLERK'S OFFICE LISTED BELOW:**</u>

Clerk, U.S. District Court
James T. Foley U.S. Courthouse
445 Broadway
Albany NY 12207-2936

**All papers filed with the Court must conform to Local Rule 10.1**

**~ COUNSEL ~**

**ALL DOCUMENTS SHALL BE FILED ELECTRONICALLY
ON THE COURT'S CM/ECF SYSTEM**

**PLEASE REFER TO GENERAL ORDER #22
FOR PROCEDURES FOR FILING DOCUMENTS ELECTRONICALLY**

Page 1

ALL **NON-DISPOSITIVE** MOTIONS ARE TO BE MADE RETURNABLE ON A SUBMIT BASIS BEFORE THE ASSIGNED **MAGISTRATE JUDGE**. *PLEASE REFER TO LOCAL RULE 7.1(b)1.* **ALL MOTIONS FILED AND MADE RETURNABLE BEFORE MAGISTRATE JUDGES WILL BE TAKEN ON A SUBMIT BASIS UNLESS:** THE PARTIES REQUEST ORAL ARGUMENT AND/OR THE COURT DIRECTS THE PARTIES TO APPEAR FOR ORAL ARGUMENTS, PROVIDED, HOWEVER, THAT MAGISTRATE JUDGE DAVID E. PEEBLES REQUIRES ORAL ARGUMENT ON ALL MOTIONS UNLESS THE COURT DIRECTS OTHERWISE.

SENIOR JUDGE McCURN WILL NOT HAVE REGULAR MOTION DAYS DURING THE MONTH OF AUGUST.  MOTIONS MAY NOT BE FILED WITHOUT PRIOR APPROVAL OF THE COURT DURING THESE PERIODS.

For more specific schedules please visit our website at:
**www.nynd.uscourts.gov**

## MONTHLY MOTION SCHEDULES

| **CHIEF JUDGE GARY L. SHARPE** | **MAGISTRATE JUDGE RANDOLPH F. TREECE** |
|---|---|
| 9:00 A.M.- 1ST AND 3RD THURSDAY OF EACH MONTH AT ALBANY.  All motions will be on submit only, unless otherwise notified by the Court. | 9:30 A.M.- 1ST THURSDAY OF EACH MONTH AT ALBANY.  No oral argument on scheduled motion return date, unless Judge Treece's chambers sua sponte directs or grants the request of any party for oral argument. |

**CONSENT TO THE EXERCISE
OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. Section 636(c), you are hereby notified that the United States Magistrate Judges of this district court, in addition to their other duties, may, upon consent of all the parties in a civil case, conduct any or all proceedings in the case, including a jury or non jury trial, and order the entry of a final judgment.

You should be aware that your decision to consent to the referral of your case to a United States Magistrate Judge for disposition is entirely voluntary and should be indicated by counsel endorsing the attached consent form for the plaintiff(s)and defendant(s). If the form is executed by all counsel for the parties (or by the parties if appearing pro se), it should be communicated solely to the clerk of the district court. ONLY if all the parties to the case consent to the reference to a magistrate judge will either the judge or magistrate judge to whom the case has been assigned be informed of your decision.

Your opportunity to have your case disposed of by a magistrate judge is subject to the calendar requirements of the court. Accordingly, the district judge to whom your case is assigned must approve the reference of the case to a magistrate judge for disposition.

In accordance with 28 U.S.C. Section 636(c) (3), an appeal from a judgment entered by a magistrate judge will be taken to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court. See Also L.R. 72.2(b)(5).

Copies of the consent form are available in any office of the clerk of the court and on the court webpage at www.nynd.uscourts.gov

**\*\*ATTACHED FOR YOUR CONSIDERATION IS A BLANK CONSENT FORM\*\***

Page 3

**UNITED STATES DISTRICT COURT**
**Northern District of New York**

| | |
|---|---|
| **Joseph J. O'Hara** | NOTICE, CONSENT, AND ORDER OF REFERENCE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE |
| VS | Case Number: **12-CV-252, GLS/RFT** |
| **Keith A. Raniere, et al.** | |

**NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE**
**TO EXERCISE JURISDICTION**

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

**CONSENT TO THE EXERCISE OF JURISDICTION**
**BY A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C.§636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |

**ORDER OF REFERENCE**

IT IS ORDERED that this case be referred to **RANDOLPH F. TREECE** United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

| | |
|---|---|
| Date | United States District Judge |

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

ADR NOTICE TO LITIGANTS

THIS NOTICE SHOULD BE SERVED WITH THE GENERAL ORDER 25 FILING PACKET, ALONG WITH THE SUMMONS AND COMPLAINT ON THE DEFENDANTS.

This action has been identified for tracking in the court-annexed Alternative Dispute Resolution Program (ADR).

Designated Nature of Suite Codes in Contract, Tort and Non-Prisoner Civil Rights Cases as follows:

Contract
110-140, 160-195

Torts
310-385

Non-Prisoner Civil Rights
440-446

Parties must confer prior to the status conference in order to:

1. Complete the proposed case management plan:
2. Select an ADR program;
3. File the proposed plan at least 10 days before the conference.

During the conference, the Magistrate Judge will discuss the case management plan, ADR programs and assist the parties in their selection.

LAWRENCE K. BAERMAN, CLERK

By: Suzanne Gunter, ADR Administrator
(518)257-1807