UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH J. O'HARA,

          Plaintiff,

vs.

KEITH A. RANIERE a/k/a VANGUARD,
NANCY SALZMAN a/k/a PREFECT ,
KRISTIN KEEFFE,
CLARE W. BRONFMAN,
SARA R. BRONFMAN,
EXECUTIVE SUCCESS PROGRAMS, INC.,
  a Nevada Corporation,
FIRST PRINCIPLES INCORPORATED,
  a Delaware Corporation,
NXIVM CORPORATION d/b/a EXECUTIVE
  SUCCESS PROGRAMS, a Delaware Corporation,
NXIVM CORPORATION, a New York Corporation,
NXIVM LLC, a New York Limited Liability
  Company,
NXIVM Properties LLC, a New York Limited
  Liability Company,
P. DAVID SOARES,
ALBANY COUNTY, NEW YORK,
PROSKAUER ROSE LLP,
SCOTT A. EGGERS,
SCOTT HARSHBARGER,
DOUGLAS C. RENNIE,
PETER J.W. SHERWIN,
O'CONNELL AND ARONOWITZ, Attorneys at Law,
STEPHEN R. COFFEY,
JOSHUA E. McMAHON,
PAMELA A. NICHOLS,
ANDREW J. SAFRANKO,
RICHARD H. WEISKOPF,
DAMON MOREY LLP,
BETH A. BIVONA,
WILLIAM F. SAVINO,
BERNARD SCHENKLER,
GREGORY ZINI,
BARTOLOMEI & ASSOCIATES PC,
JOHN P. BARTOLOMEI,
TO-BE-NAMED CORPORATIONS, LIMITED

**DECLARATION IN SUPPORT OF MOTION FOR SANCTIONS**

12-CV-00252-GLS-RFT

John P. Bartolomei & Associates
Attorneys-at-Law
335 Buffalo Avenue, Niagara Falls, New York 14303

LIABILITY COMPANIES, NOT-FOR-PROFIT
CORPORATIONS, PARTNERSHIPS,
UNINCORPORATED BUSINESS ENTITIES,
FOUNDATIONS, TRUSTS AND OTHER ENTITIES,
TO-BE-NAMED NXIVM SENIOR COUNSELORS,
NXIVM SENIOR PROCTORS, NXIVM PROCTORS,
NXIVM SENIOR COACHES AND NXIVM COACHES,
TO-BE-NAMED LAW FIRMS AND INDIVIDUAL
ATTORNEYS

                                                Defendants.

---

*STATE OF NEW YORK)*

*COUNTY OF NIAGARA) ss.:*

        **JOHN P. BARTOLOMEI**, being duly sworn, deposes and says:

    1.    I am an attorney admitted to practice in the State of New York and in this Court and I represent the Defendant John P. Bartolomei and, for the purposes of this motion for sanctions, a non-existent entity known as Bartolomei & Associates PC which is also named as a Defendant in this action, and I am fully familiar with the pleadings and proceedings to date.

    2.    This motion, brought pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S. § 1927, and the District Court's inherent supervisory authority, requests sanctions against the plaintiff, Joseph J. O'Hara. These Defendants will also file a motion to dismiss this action, pursuant to Rule 12(b)(6) because each cause of action fails to state a claim upon which relief can be granted, for lack of subject matter jurisdiction for the state claims and for failure to meet the pleading requirements of Fed R. Civ. 8.

    3.    The Complaint alleges jurisdiction of this Court:

        (a)    Pursuant to 28 U.S.C. § 1331 for:

            (1)    Civil Rights violations pursuant to 42 U.S.C. § 1983 and § 1985 (Complaint paragraph 2.);

*John P. Bartolomei & Associates*
*Attorneys-at-Law*
*335 Buffalo Avenue, Niagara Falls, New York 14303*

   (2) Violations of the right of privacy pursuant to the U.S. Constitution Amendments I, III, IV, IX and XIV (Complaint paragraph 3.);

   (3) For "Whistleblower Retaliation" (Complaint paragraph 4.);

  (b) Pursuant to 28 U.S.C. § 1338 for copyright infringement under 17 U.S.C. §§ 1201 – 1205 (Complaint paragraph 5.); and

  (c) Pursuant to 28 U.S.C. § 1367 (a) with respect to claims that arise under State law (Complaint paragraph 6.).

4. The Complaint is brought against 31 named Defendants plus an undetermined number of "To-Be-Named corporations, limited liability companies, not-for-profit corporations, partnerships, unincorporated business entities, foundations, trusts and other entities" and "To-Be-Named NXIVM senior counselors, NXIVM counselors, NXIVM senior proctors, NXIVM proctors, NXIVM senior coaches and NXIVM coaches" and "To-Be-Named law firms and individual attorneys".

5. Of the 31 named Defendants, 5 are alleged to be law firms, 15 are alleged to be attorneys (and one of those is alleged to be a County District Attorney), and one Defendant is alleged to be a County.

6. The Complaint alleges fourteen causes of action:

   First:  Civil Conspiracy
   Second: Punitive Damages for Civil Conspiracy
   Third:  Civil Rights Violation
   Fourth: Punitive Damages for Civil Rights Violation
   Fifth:  Violation of Right to Privacy
   Sixth:  Punitive Damages for Violation of Right to Privacy
   Seventh: "Whistleblower Retaliation"
   Eighth: Punitive Damages for Whistleblower Retaliation
   Ninth: Copyright Infringement
   Tenth: Punitive Damages for Copyright Infringement
   Eleventh: Infliction of Distress
   Twelfth: Punitive Damages for Infliction of Distress

John P. Bartolomei & Associates
Attorneys-at-Law
335 Buffalo Avenue, Niagara Falls, New York 14303

       Thirteenth:    Defamation
       Fourteenth:   Punitive Damages for Defamation

*No Such Entity as Bartolomei & Associates PC*

7.    One of the named Defendants is "Bartolomei & Associates PC".

8.    There is not now, nor has there ever been, an entity known as Bartolomei & Associates PC. To be even clearer, there is not now, nor has there ever been, a "PC" or professional corporation which is or was ever known as Bartolomei & Associates PC.

9.    My practice is a sole proprietorship and I have not had any law partners in my practice during any of the times relevant to the Complaint periods which appear to be between 2001 and 2011.

10.    I have and do use the name and style of John P. Bartolomei & Associates, but it is simply my own assumed name for my sole proprietorship law practice.

11.    Therefore, the Complaint, as to Bartolomei & Associates PC, must be dismissed and all references to Bartolomei & Associates PC must be stricken from the Complaint, including its caption.

*Impossible to Decipher Specific Allegations against*
*Defendant Bartolomei (or Bartolomei & Associates PC)*

12.    A perusal of the Complaint makes only the following specific references regarding John P. Bartolomei and/or Bartolomei & Associates PC (both together hereinafter referred to as "Bartolomei"):

> 40.    Defendant Bartolomei & Associates PC ("Bartolomei & Associates") is, based upon information and belief, a law firm that has an office located at 335 Buffalo Avenue in Niagara Falls, NY 14303 - and that conducted business within the geographical boundaries of the United States District Court for the Northern District of New York during the time period that is relevant to the Plaintiff's claims in this action. Also based upon information and belief,

4

Bartolomei & Associates represented one or more of the following entities during that same time period: Raniere/Vanguard, Salzman/Prefect, Keeffe, the Bronfman sisters, and/or one or more of the NXIVM/ESP-Related Business Entities- and assisted one or more of those Defendants and/or one or more other entity in carrying out some/all of the tortious and/or illegal activities are described herein.

   41. Defendant John P. Bartolomei ("Bartolomei") is, based upon information and belief, an attorney and a Principal in the Bartolomei & Associates law firm who practiced law within the geographical boundaries of the United States District Court for the Northern District of New York during the time period that is relevant to the Plaintiff's claims in this action. Also based upon information and belief, Bartolomei represented one or more of the following entities during that same time period: Raniere/Vanguard, Salzman/Prefect, Keeffe, the Bronfman sisters, and/or one or more of the NXIVM/ESP- Related Business Entities - and assisted one or more of those Defendants and/or one or more other entity in carrying out some/all of the tortious and/or illegal activities are described herein. In addition, Bartolomei has, based upon information and belief, also used his judicial, legal, and/or political contacts in the Niagara Falls, NY area to discredit - and/or to cause harm to - the Plaintiff and/or other third parties.[7]

[7] Upon information and belief, Defendant Bartolomei was retained by the Bronfman sisters in order to encourage various governmental entities to bring criminal charges against, *inter alia*, the Plaintiff, Frank Parlato, Jr., Yuri Plyam, and Rick Ross. In conjunction with his work for the Bronfman sisters, Bartolomei, upon information and belief, oversaw the activities of, *inter alia*, Steve Pigeon and Byron Georgiou -- and worked with Defendant Savino on a variety of NXIVM/ESP-related matters.

13. The only other possible inclusion in the Complaint, albeit without requisite specificity to provide notice of the allegations and causes of action against the Defendant Bartolomei, is the use of the terms:

   (a) "applicable Defendants" (Complaint paragraphs 83, 85, 92, 97, 102, 104, 109, 111, 112, 115, 118, 120, 122, 125, 126 and 127);

   (b) "various Defendants" (Complaint paragraphs 80, 81, 87, 88, 94, 95, 108, 109, 117, 118 and 124);

   (c) "various Defendants who have acted alone and/or in concert with one another -- and who may have been assisted in their efforts by one or more of the named and/or

5

unnamed Defendant law firms and/or Defendant attorneys" (Complaint paragraphs 81, 88, 95, 109 and 118);

   (d) "several of the Defendants" (Complaint paragraphs 83, 90, 97, 104 and 120);

   (e) "Also based on information and belief, specific elements of the defamation have been carried out by various members of the Defendants who have acted alone and/or in concert with one another – and who have been assisted in their efforts by one or more Defendant law firms and/or Defendant attorneys" (Complaint paragraph 125).

14. It is impossible to decipher whether or not the Plaintiff is making claims against the Defendant Bartolomei by a general inclusion in "Defendants", "applicable Defendants", "various Defendants", "Defendant law firms", "Defendant attorneys", or any other category.

15. Thus, the pleading (Complaint) fails to provide requisite notice of the claims against him in order to defend against those claims.

16. Indeed, looking at the only specific references to John P. Bartolomei and Bartolomei & Associates PC in the Complaint and accepting them as true (as we unfortunately must for the purpose of this motion), it is difficult, if not impossible, to conclude that Bartolomei could be included as a Defendant in any of the blunderbuss defendant categories of the Complaint.

17. The Pleading Rule (Fed. R. Civ. P. 8) requires that concise and clear allegations of fact be alleged which apprise the Defendant of the claims made against him so that the Defendant may defend against such claims. This Complaint, as it purports to be against Bartolomei, is woefully deficient in meeting the pleading requirement.

*Failure to State a Cause of Action*

18. The Complaint alleges a conspiracy among the various Defendants, yet fails to indicate an actual or implied agreement among the Defendants. The Complaint doesn't allege whether Bartolomei even knew or communicated with any of the other Defendants (except for Plaintiff's "upon information and belief" allegations, without stating the sources of his information and belief, in Complaint paragraphs 40 and 41).

19. While we must accept the Plaintiff's allegations as true for the purposes of this motion to dismiss for failure to state a claim, I do want the record to be clear that the allegations regarding Bartolomei, except for my brief legal representation of the Bronfman sisters and NXIVM Corporation in an action unrelated to or not involving the Plaintiff, all of the allegations of the Complaint regarding Bartolomei are untrue.

20. The Complaint alleges fourteen different "causes of action" all directed generally to 31 "various Defendants" or "applicable Defendants", and charges a variety of constitutional and state law violations in broad terms without any specificity.

21. For the reasons detailed in the accompanying memorandum of law, none of Plaintiff's 14 counts states a claim upon which relief may be granted.

22. These defamatory and irresponsible allegations warrant severe sanctions.

23. O'Hara has violated three different provisions of Federal Rule of Civil Procedure 11(b). Initially, the claims and other legal contentions contained in the complaint are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, in violation of Rule 11(b)(2). Mr. O'Hara has accused the Defendants of violations of federal civil rights statutes but cites no bases therefor. None of the causes of action asserted are supported even by the facts alleged, let alone the actual facts.

7

24. The Complaint also violates Rule 11(b)(3), because it is full of conclusory allegations which are utterly lacking in evidentiary support. None of the allegations in the Complaint which are on information and belief recite the source of the information and belief. A reading of the Complaint leads to the inescapable conclusion that Mr. O'Hara either did not investigate the facts, or chose to misrepresent or omit the facts. This failure is highlighted by the fact that the accusations he has made assert "conspiracies" and constitutional violations. Either is a violation of Rule 11(b)(3).

25. Finally, the Complaint appears to have been filed for an improper purpose, in violation of Rule 11(b)(1). It is obvious from the vague allegations that Mr. O'Hara is upset with certain persons and the lawyers and law firms that have represented them. He is also upset with the Albany County District Attorney. It is also obvious that Mr. O'Hara has brought this meritless Complaint to annoy and harass the Defendants. The allegations in the Complaint border on defamatory. Mr. O'Hara is an experienced lawyer and knows better. It is difficult to understand any way in which this Complaint could have been filed for a proper purpose.

## Violations of Rule 11(b)(2)

26. Rule 11(b)(2) requires that an attorney or party, when presenting a pleading to the court, certify to the court "that to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances," that the claims are warranted by existing law, or a non-frivolous argument for the extension of existing law. The entire Complaint violates this rule. Mr. O'Hara, although representing himself is an experienced attorney.

27. Mr. O'Hara cannot plead ignorance on these points.

8

### First Cause of Action
### "Civil Conspiracy to Cause Harm"

28. There is no such cause of action as a "civil conspiracy to cause harm". It is possible to interpret this claim as being one for prima facie tort committed by a number of persons. However, if we do so, then none of the elements of a prima facie tort have been alleged, let alone any facts to establish or support such a claim.

29. O'Hara has cited no duty, no standard, no violation of standard and no damage or conduct which results in damage and contends no theory of proximate cause. In effect, this First Cause of Action simply recites all of the laws and theories which Plaintiff later separately claims to be causes of action, making this cause of action duplicative at best (if there were any allegations of facts or requisite elements in it).

30. One can only guess that O'Hara, in his fervor to fabricate a claim, has tried in this cause of action to claim that he is a victim of a conspiracy, but he does not, and is unable to, say what the conspiracy is and who are the conspirators and what was conspired to be done and how he was damaged.

### Third Cause of Action
### "Conspiracy to Cause Severe Emotional, Financial, Mental and Physical Harm to the Plaintiff to Violate His Civil Rights" and the

### Fifth Cause of Action
### "Violation of Plaintiff's Constitutional Right to Privacy"

31. We again don't know who the "various Defendants" are or how they acted in concert or how they inflicted all this distress or how they conspired to do it, but, more important to the fatality of the Third Cause of Action, Plaintiff doesn't say what civil rights were violated. In fact, all he says is "violated my civil rights". This is certainly woefully deficient to allege a cause of action for a civil rights violation. It appears to be a lead in or duplicative to the Fifth

John P. Bartolomei & Associates
Attorneys-at-Law
335 Buffalo Avenue, Niagara Falls, New York 14303

9

Cause of Action which recites the same harm but says it "violated his constitutional right to privacy".

32. Again, we are left to scratch our heads as to whom (various Defendants), what and how; all of what we need to know to be able to defend against a claim. The claim of violation of a constitutional right of privacy is simply not plead nor are any facts alleged to support a claim.

33. It is confounding to contemplate an alleged conspiracy (without any allegations to describe the conspiracy) where "various Defendants have acted alone and/or in concert with one another and **may** have been assisted in their efforts by one or more of the named and/or unnamed Defendant law firms and/or Defendant attorneys".

34. So, not only are there no facts to support a claim in either the Third or Fifth Causes of Action, nor are there any damages cited, but the claim itself is not even stated.

### Seventh Cause of Action
### "Whistleblower Retaliation"

35. The Seventh Cause of Action is for "retaliation against whistleblower related actions" of the Plaintiff.

36. In paragraph 76 of the Complaint, Plaintiff alleges that "one or more Defendants" attempted to punish him for filing reports of alleged illegal activities (this is what he calls whistleblower activities).

37. The Complaint again fails to allege by whom or how the attempt to punish was done or how he was damaged. He provides no facts as to what his actions were and what the specific retaliation was, nor does he allege damages.

### Ninth Cause of Action
### "Copyright Infringement"

38. The Ninth Cause of Action is for copyright infringement for allegedly the copying of Plaintiff's emails. While citing the statute 17 U.S.C. 512(c)(3), Plaintiff apparently has not read it since that statute does not provide the protection which Plaintiff claims was violated. Again, even if it did (which it doesn't), Plaintiff doesn't allege the required who and how necessary to defend against a claim and thus has failed to state a claim upon which relief may be granted.

### Eleventh Cause of Action
### "Monetary Damages Related to Distress"

39. The Plaintiff's Eleventh Cause of Action is simply duplicative of the Ninth Cause of Action and is just as fatally deficient.

### Thirteenth Cause of Action
### "Defamation"

40. The Plaintiff's Thirteenth Cause of Action purports to be one of defamation. Again, Plaintiff doesn't say who did it. But, even more important to the gross defect of this cause of action, Plaintiff doesn't allege the defamatory material. Instead, he again recites that his email was copied, but fails to recite any of the elements of a defamation action

### The Complaint should be Dismissed with Prejudice

41. The incoherence of all of these causes is enough to find they fail to state a claim. Moreover, dismissal is required under Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and that each averment of a pleading shall be simple, concise, and

John P. Bartolomei & Associates
Attorneys-at-Law
335 Buffalo Avenue, Niagara Falls, New York 14303

direct". Courts may dismiss a complaint that fails to meet Rule 8's requirements, especially where, as here, the complaint is "confused, ambiguous, vague, or otherwise unintelligible."

42. While this is a *pro se*, the Plaintiff is an experienced lawyer yet the positions asserted in the Complaint do not exhibit even the most cursory review of the law.

Violations of Rule 11(b)(3)

43. Federal Rule of Civil Procedure 11(b)(3) requires both parties and attorneys to certify that the allegations in a complaint have evidentiary support. As set out above, the overall allegations of the Complaint, and any number of specific factual allegations, are completely lacking in evidentiary support.

44. The Complaint is filled with conclusory allegations of conspiracy, all of which are untrue.

45. More generally, the allegations of conspiracy throughout the Complaint, made as statements of fact are without any evidentiary support.

The Complaint was Filed for an Improper Purpose

46. Rule 11(b)(1) requires a party to certify that a complaint or other pleading is not being presented for any improper purpose, "such as to harass or cause unnecessary delay or needless increase in the cost of litigation." In assessing the propriety of sanctions under this provision, the Court should consider the following:

(a) The Complaint names 31 parties, including individuals against who there could not, under any circumstances, be personal liability. Included on this list are the Albany County District Attorney and Albany County itself.

(b) The Complaint broadly alleges all claims against "Defendants" or "various

12

Defendants" or "applicable Defendants", without differentiating among them. Moreover, the Complaint makes claims which are defamatory, with claims of conspiracy, violations of civil rights, and fraud. Such aggressive accusations appear calculated to cause embarrassment and to harass and annoy.

(c) The Complaint apparently seeks millions of dollars in damages without reciting any basis of loss or computation of damages.

47. The Defendants should not be required to litigate an action, brought without legal or factual basis, by an attorney who is or should be well aware of the legal insufficiency of such claims. To the extent the Defendants have been required to do so, O'Hara should bear the expense incurred by the Defendants in responding to the Complaint and in moving for sanctions.

48. The Defendants have been put to considerable expense in responding to this Complaint, and in making this motion. Defendants have brought this motion promptly and cannot at this time quantify the time spent by its counsel in responding to the Complaint and in preparing this motion. The Defendants therefore request that the Court impose sanctions as follows, and allow Defendants to submit proof of expenses, with an opportunity for Mr. O'Hara to respond, after the sanctions have been ordered.

49. Defendants respectfully request the following relief:

(a) An order sanctioning Mr. O'Hara pursuant to Fed. R. Civ. P. 11(b)(1) and 11(b)(3), and requiring him to pay the reasonable costs, including attorneys' fees, of all Defendants in this action, including the costs of this motion;

(b) An order sanctioning Mr. O'Hara pursuant to Fed. R. Civ. P. 11(b)(2), and requiring him personally to pay the reasonable costs, including attorneys' fees, of all Defendants;

(c) An order requiring Mr. O'Hara to pay over to the Court a sanction in the

John P. Bartolomei & Associates
Attorneys-at-Law
335 Buffalo Avenue, Niagara Falls, New York 14303

amount of $250,000.00, or some greater or lesser amount as the Court deems fit, for the purpose of deterring him and others from similar conduct in the future;

(d) That the Court's order pursuant to Fed. R. Civ. P. 11 describe the conduct by Mr. O'Hara in violation of the Rule, as required by Fed. R. Civ. P. 11.

50. In the alternative, should the Court determine not to impose sanctions pursuant to Fed. R. Civ. P. 11 for any reason, Defendants request an order of sanctions pursuant to 28 U.S.C. § 1927 and/or the Court's inherent authority, and direct Mr. O'Hara to pay all costs of the Defendants in defending this action and bringing this motion.

I declare that the foregoing is true to the best of my knowledge, under the penalties of perjury.

*(signature)*

JOHN P. BARTOLOMEI, ESQ.
John P. Bartolomei Bar Number: 509323
*Attorney for Bartolomei & Associates, PC and John P. Bartolomei*
335 Buffalo Avenue
Niagara Falls, New York 14303
Telephone: (716) 282-2774
Email: john@jpbartolomei.com

Subscribed to before me this 21st day of June, 2012.

*(signature)*
Notary Public

MARIA A. NUCHERENO
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01NU4858634
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES MAY 12, 2014

John P. Bartolomei & Associates
Attorneys-at-Law
335 Buffalo Avenue, Niagara Falls, New York 14303