UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH J. O'HARA,

                            Plaintiff,

vs.

KEITH A. RANIERE a/k/a VANGUARD,
NANCY SALZMAN a/k/a PREFECT,
KRISTIN KEEFFE,
CLARE W. BRONFMAN,
SARA R. BRONFMAN,
EXECUTIVE SUCCESS PROGRAMS, INC.,
  a Nevada Corporation,
FIRST PRINCIPLES INCORPORATED,
  a Delaware Corporation,
NXIVM CORPORATION d/b/a EXECUTIVE
   SUCCESS PROGRAMS, a Delaware Corporation,
NXIVM CORPORATION, a New York Corporation,
NXIVM LLC, a New York Limited Liability
  Company,
NXIVM Properties LLC, a New York Limited
  Liability Company,
P. DAVID SOARES,
ALBANY COUNTY, NEW YORK,
PROSKAUER ROSE LLP,
SCOTT A. EGGERS,
SCOTT HARSHBARGER,
DOUGLAS C. RENNIE,
PETER J.W. SHERWIN,
O'CONNELL AND ARONOWITZ, Attorneys at Law,
STEPHEN R. COFFEY,
JOSHUA E. McMAHON,
PAMELA A. NICHOLS,
ANDREW J. SAFRANKO,
RICHARD H. WEISKOPF,
DAMON MOREY LLP,
BETH A. BIVONA,
WILLIAM F. SAVINO,
BERNARD SCHENKLER,
GREGORY ZINI,
BARTOLOMEI & ASSOCIATES PC,
JOHN P. BARTOLOMEI,
TO-BE-NAMED CORPORATIONS, LIMITED

**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**

12-CV-00252-GLS-RFT

John P. Bartolomei & Associates
Attorneys-at-Law
335 Buffalo Avenue, Niagara Falls, New York 14303

LIABILITY COMPANIES, NOT-FOR-PROFIT
CORPORATIONS, PARTNERSHIPS,
UNINCORPORATED BUSINESS ENTITIES,
FOUNDATIONS, TRUSTS AND OTHER ENTITIES,
TO-BE-NAMED NXIVM SENIOR COUNSELORS,
NXIVM SENIOR PROCTORS, NXIVM PROCTORS,
NXIVM SENIOR COACHES AND NXIVM COACHES,
TO-BE-NAMED LAW FIRMS AND INDIVIDUAL
ATTORNEYS

             Defendants.

---

  Joseph J. O'Hara's complaint against 31 diverse municipal and private Defendants, including 5 law firms, 15 lawyers, a County District Attorney and a County, is a prime example of a pleading Rule 11 was intended to prevent. Its scattershot claims of conspiracy, untenable constitutional claims, and inflammatory and patently untrue factual accusations which are defamatory, and appear calculated to insult, annoy and harass rather than state tenable claims. They demonstrate not only Plaintiff's (a lawyer himself) failure to conduct the necessary legal and factual investigation, but show that the Complaint was filed for patently improper purposes: to annoy, harass and insult persons and entities that he felt had wronged him. The Complaint violates every aspect of Rule 11, and was filed in bad faith, requiring sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority as well.

  There is no reasonable prospect of halting Mr. O'Hara's use of these outrageous tactics other than swift and severe sanctions. The Bartolomei Defendants therefore respectfully request the Court order Mr. O'Hara to pay not only their costs in defending and dismissing this action, but an additional monetary payment to the Court, to deter him and others from any similar conduct in the future.

John P. Bartolomei & Associates
Attorneys-at-Law
335 Buffalo Avenue, Niagara Falls, New York 14303

### The Complaint

As set out in greater detail in the accompanying declaration, and in the motion to dismiss pursuant to Rule 12(b)(6), the Complaint alleges 14 separate counts, including violations of 42 U.S.C. §§ 1983 and 1985, state law claims for infliction of distress and defamation. The Complaint also seeks millions of dollars in punitive damages from Defendants. Not one of the counts properly sets out a claim upon which relief can be granted. Many of the allegations are simply incomprehensible. Rather than plead facts, the Complaint relies on inflammatory charges of "conspiracies," "schemes" and the like. Stripped of its accusatory rhetoric and outright falsehoods, the Complaint simply describes an angry man trying to vent his anger by harassing and annoying the Defendants.

The Complaint is particularly outrageous because it makes charges against 31 different entities, including a government official and 5 law firms and 15 lawyers about whom no factual assertions whatsoever are made concerning their involvement.

This case goes beyond a failure to investigate; Mr. O'Hara has purposely ignored relevant and determinative authority on these legal theories which was explicitly brought to his attention. He is guilty of bad faith misuse of the courts.

### Summary of Argument

The Defendants will be filing a motion to dismiss this action pursuant to Rule 12(b)(6), and this memorandum will not repeat in detail the arguments concerning the Complaint's legal insufficiency. In sum, the §§ 1983, 1985 claims are invalid. The conclusory state law claims are similarly ill-founded.

The outlandish factual allegations made by O'Hara demonstrate a failure to investigate and/or omission of facts.

3

Finally, the Complaint obviously was filed for an improper purpose. The outlandish damages claims can only have been made for the purpose of extorting a settlement. The Complaint is an abuse of the Defendants, and of the Court, and warrants the harshest sanctions.

## ARGUMENT

The Court's authority to award sanctions derives from three sources: Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. §1927, and the Court's inherent authority. The Defendants will satisfy the procedural requirements of Rule 11 by waiting 21 days after service of the motion before filing it. District Courts should, if presented with the choice, proceed under Rule 11 in assessing and awarding sanctions, but may consider 28 U.S.C. § 1927 and its inherent authority in sanctioning bad faith conduct.

### THE COMPLAINT IS NOT WARRANTED BY EXISTING LAW

Rule 11 clarifies and codifies the obligation of each party to carefully research and review both factual and legal contentions presented to a tribunal. Rule 11(b)(2) provides that by presenting to the court, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

The standard is an objective one. In other words, it is not a defense to a Rule 11 motion to argue that the baseless allegations were made in good faith. As pointed out by a commentator, "[t]he 1993 amendment eliminates any possibility of reading the language in Rule 11 as establishing a subjective standard by abandoning the "good faith" standard and replacing it with

the "non-frivolous" standard. Under either standard, Mr. O'Hara's conduct should be sanctioned.

Here, not only does the Complaint utterly fail under the current state of the law, but there is simply no conceivable basis to argue that the statutes and legal theories have any application to the Defendants. All of the legal theories in the Complaint suffer from similar obvious and irreparable infirmities.

In cases where it is clear that a party (who is here an attorney) should have known that there was absolutely no possibility of prevailing on the merits given the precedent against the claims, sanctions are necessary to deter such parties from wasting time and resources of the adversaries as well as of the Court.

## O'HARA MISREPRESENTED HIS KNOWLEDGE AND ACTIONS

Not content with untenable legal theories, O'Hara has asserted "facts", in clear violation of Rule 11(b)(3). That provision requires that a complaint's "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." There is simply no evidentiary support whatsoever for any of his claims.

O'Hara has violated Rule 11(b)(3) both by making specific factual allegations without evidentiary support, and by making broad assertions of conspiracy and wrongdoing against a large number of Defendants. They made no disclaimer that additional investigation was needed. As set out in the accompanying declaration, the Complaint is completely without any factual allegation to support the causes of action asserted. Mr. O'Hara either failed to investigate the facts, or ignored the facts known to him when signing a complaint making incorrect and scandalous allegations. Either is a violation of Rule 11.

5

Similarly, there is no indication that Mr. O'Hara inquired into the roles, if any, the individual Defendants played in the alleged "schemes" and "conspiracies." The failure to investigate the basis for liability of a specific defendant clearly warrants Rule 11 sanctions.

Sanctions have been awarded in far less egregious situations. In <u>Cohen v. Kurtzman</u>, the district court sanctioned a plaintiff for his failure to determine the domicile of individual partners in a defendant partnership, and as a result incorrectly asserted diversity as a basis of jurisdiction. Respectfully, the transgressions here are far more significant, and substantial, in that they address the merits of the case. If ever there was a case requiring Rule 11 sanctions, it is this one.

## THE COMPLAINT WAS FILED FOR AN IMPROPER PURPOSE

The totality of circumstances makes that conclusion that this Complaint was filed for an improper purpose all but inescapable. The inflammatory claims of conspiracy and fraud, the inclusion of unnecessary high-profile Defendants and law firms and lawyers, all point to the real reasons this lawsuit was filed. Further, the huge claims for damages seem clearly calculated to annoy and harass and intimidate. Sanctions must be imposed to address this bad faith conduct, pursuant to Rule 11 or 28 U.S.C. § 1927 and the Court's inherent authority.

## THE COURT MAY IMPOSE SANCTIONS PURSUANT TO ITS INHERENT AUTHORITY, OR 28 U.S.C.§ 1927

If for some reason the Court determines not to proceed pursuant to Rule 11, the Court may impose sanctions for bad faith conduct under its inherent authority or pursuant to 28 U.S.C. § 1927. The Supreme Court has held that "when bad-faith conduct can be adequately sanctioned under the Federal Rules, a court should rely on the Rules rather than the inherent power of the court, but, if in the informed discretion of that Court, neither statutes nor rules are up to the task, a court may safely rely on its inherent power." Here, the conduct of Mr. O'Hara amounts to a

John P. Bartolomei & Associates
Attorneys-at-Law
335 Buffalo Avenue, Niagara Falls, New York 14303

serious abuse of the courts, clearly exhibits bad faith and should be met with a swift and sure response. Sanctions are imposed "to maintain the integrity of the system of federal practice and procedure." Here that system has been abused. While the imposition of sanctions is proper under Rule 11, the Court's inherent authority and 28 U.S.C.'s 1927 also are an appropriate basis.

## CONCLUSION

Rule 11 exists to assure that improper actions by attorneys and their clients have meaningful consequences. The conduct of Mr. O'Hara (an attorney himself), in making inflammatory accusations of conspiracy and fraud, asserting constitutional claims and devoid of any merit, and in suing numerous individuals for millions of dollars in punitive damages, is in itself outrageous. The Court should order monetary sanctions sufficient to compensate the Defendants for the costs of responding to this Complaint, and to deter Mr. O'Hara from using these tactics in future litigation.

Dated: Niagara Falls, New York
      June 21, 2012

                                            JOHN P. BARTOLOMEI, ESQ.
                                            John P. Bartolomei Bar Number: 509323
                                            *Attorney for Bartolomei & Associates, PC*
                                               *and John P. Bartolomei*
                                            335 Buffalo Avenue
                                            Niagara Falls, New York  14303
                                            Telephone:   (716) 282-2774
                                            Email:        john@jpbartolomei.com

*[Left margin: John P. Bartolomei & Associates, Attorneys-at-Law, 335 Buffalo Avenue, Niagara Falls, New York 14303]*