EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | ) | **Hearing Date:  October 24, 2012** |
| | ) | **Hearing Time:  9:15 a.m.** |
| | ) | **Hearing Location:    Albany** |
| O'HARA, JOSEPH | ) | |
| **(SSN: xxx-xx-7189)** | ) | Case No.08-12108 rel |
| Debtor. | ) | Chapter 7 |

---

### TRUSTEE'S MOTION PURSUANT TO F.R.B.P. 9019
### FOR AN ORDER APPROVING STIPULATION

---

TO:    HON. ROBERT E. LITTLEFIELD, JR., CHIEF U.S. BANKRUPTCY JUDGE

Douglas J. Wolinsky, the Trustee pursuant to 11 U.S.C. § 701 (the "Trustee"),

respectfully requests that this Court enter an Order approving the Stipulation of Dismissal With

Prejudice attached hereto as Exhibit A (the "Stipulation") and authorizing Special Litigation

Counsel Cory E. Friedman to execute the Stipulation on behalf of the Trustee.  In support of this

Motion (the "Motion"), the Trustee represents as follows:

1.     On February 9, 2012, Debtor Joseph J. O'Hara ("O'Hara") filed the Complaint

commencing an action entitled *Joseph J. O'Hara v. Keith A. Raniere a/k/a Vanguard, et al*, No.

1:12-CV-0252 (the "Complaint"), pending in the United States District Court for the Northern

District of New York (the "District Court Action").

2.     The District Court Action was commenced by Debtor O'Hara without

authorization from the Trustee and seeks damages against, *inter alia,* Keith A. Raniere, NXIVM,

Claire W. Bronfman, Sara R. Bronfman, Albany County, the Albany County District Attorney

and numerous organizations, individuals, law firms, attorneys and paralegals associated with

them.

3.      As set forth in the Memorandum of Law in Support of Proskauer Defendants'

Motion to Dismiss (1:12-CV-0252, Doc. 44-1):

> [The] 129-paragraph complaint alleges fourteen claims, based on seven causes of action
> (each is pleaded twice, once for damages, and once for punitive damages). The claims are
> for conspiracy, violations of civil rights, violations of the "constitutional right to
> privacy," "retaliation against the plaintiff because of his whistleblower related actions,"
> common law copyright infringement, violation of the Digital Millennium Copyright Act,
> infliction of severe emotional, financial, mental and physical distress, and defamation.

(The "Claims").

4.      All of the claims are asserted against all of the Defendants.  Some of the Claims

purport to be brought under federal law, such as §1983 civil rights claims, and others appear to

be brought pursuant to unspecified federal or state law.

5.      All of the Defendants have filed motions to dismiss pursuant to F.R.Civ.P. Rule

12(b)(6) (failure to state a claim), and some have also moved pursuant to Rule 12(b)(1) (lack of

subject matter jurisdiction).  Two sets of Defendants have moved for sanctions pursuant to Rule

11, one of which also moved pursuant to 28 U.S.C. § 1927 and the inherent power of the court.

O'Hara's response is due November 20, 2012.

6.      By Order entered May 25, 2012, this Court authorized the Trustee to employ Cory

E. Friedman as Special Litigation Counsel for the Estate to, *inter alia*, analyze, evaluate and

advise the Trustee with respect to the District Court Action.  Mr. Friedman has thoroughly

analyzed and evaluated the District Court Action and has advised the Trustee.

7.      The Trustee has determined the Claims are prepetition and, pursuant 11 U.S.C. §

541(a)(1), property of the Estate.  *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122

(2d Cir. 2008), *cert. denied*, 555 U.S. 1213 (2009); *Sierra Switchboard Co. v. Westinghouse

Electric Corp.*, 789 F.2d 705 (9th Cir. 1986); *Ibok v. SIAC-Sector Inc.*, 2011 U.S. Dist. LEXIS

27301 (S.D.N.Y. Mar. 14, 2011), *affirmed,* 470 Fed. Appx. 27 (2d Cir. 2012); *Stanley v. Cmty.*

*Bank, N.A.*, 2009 U.S. Dist. LEXIS 8022 (N.D.N.Y Feb. 4, 2009).

8.      The Trustee has further determined that, because the Claims are property of the

Estate, O'Hara may not assert them and only the Trustee may assert them. *Chartschlaa*, 538

F.3d at 122; *Coffaro v. Crespo*, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010); *Ibok*, 2011 U.S. Dist.

LEXIS 27301; *Stanley*, 2009 U.S. Dist. LEXIS 8022.

9.      The Trustee has determined that it is unlikely that the Complaint states claims

upon which relief can be granted.  The Claims appear to be either time barred or not viable under

applicable federal and state law or both. In addition, many Claims appear to be barred by

applicable absolute and conditional privileges.  It does not appear that the Complaint could be

amended to overcome its deficiencies.  Assuming the federal Claims are dismissed, in the

unlikely event that any of the pendant state law Claims survive the motions to dismiss, retention

in the District Court would appear unlikely.  Taken as a whole, the Complaint appears frivolous.

The District Court has ample grounds, in the exercise of its discretion, to award sanctions.

10.     The Trustee has determined that the District Court Action is without value to the

Estate and that its continued prosecution is an undue and unnecessary burden upon the Estate, the

District Court and the Defendants in the District Court Action.  Prosecution of the District Court

Action would be complex and expensive with no likelihood of a resultant benefit to the Estate

and the distinct possibility of a sanction award against the Estate and/or its counsel.

11.     As a fiduciary, an officer of the Court and an attorney admitted to practice before

the courts of the State of Vermont and this Court, subject to, *inter alia,* F.R.Civ.P. Rule 11, and

Rules of Professional Conduct 3.1 and 3.3, the Trustee has determined, in the exercise of his

business judgment as Trustee, that the District Court Action should be dismissed with prejudice

pursuant to the Stipulation.  The Trustee is duly authorized to dismiss the District Court Action. *Sherman v. Buckley*, 119 F.2d 280, 282 (2d Cir.) (L. Hand, J.)(. . .[the trustee] could have discontinued [the claim] altogether and disposed of the claim as he chose.), *cert. denied,* 314 U.S. 657 (1941), *disapproved in part on other grounds*, *Brown v. Gerdes*, 321 U.S. 178, 184 (1944).

12.     The Stipulation provides a significant benefit to the Estate in that it provides that "No party to this Stipulation shall seek Rule 11 or other sanctions against the Trustee or his counsel in connection with the Action, and each party to this Stipulation acknowledges that no sanction against O'Hara shall be a claim against the Estate." Thus, the Estate is freed of the expense and burden of dealing with any such claims.  The Stipulation also benefits the District Court by ending this significant burden upon its busy docket.

13.     As set forth in *Resolution Trust Corp. v. Best Prods. Co. (In re Best Prods. Co.)*, 68 F.3d 26, 32 (2d Cir. 1995), in order to approve the Stipulation pursuant to F.R.B.P. 9019 the Court "merely ha[s] to satisfy itself that the Settlement [is] within the range of reasonableness. *In re Drexel Burnham Lambert Group, Inc., 138 Bankr. 723, 768 (Bankr. S.D.N.Y. 1992)*; *In re W.T. Grant Co., 699 F.2d 599, 608* (2d Cir.), cert. denied, *464 U.S. 822 (1983)* (construing similar language in former bankruptcy statute)." Under the circumstances the Stipulation is well within the range of reasonableness and should be approved.

14.     WHEREFORE, Trustee requests the entry of an Order approving the Stipulation attached hereto as Exhibit A and authorizing Special Litigation Counsel Cory E. Friedman to execute the Stipulation on behalf of the Trustee as outlined above.

Dated:  September 28, 2012          DOUGLAS J. WOLINSKY
                                    CHAPTER 7 TRUSTEE


                          By:    /s/   Douglas J. Wolinsky
                                 Douglas J. Wolinsky
                                 Fed. ID No. 601112
                                 dwolinsky@primmer.com
                                 Primmer Piper Eggleston & Cramer PC
                                 P.O. Box 1489
                                 Burlington, VT 05402-1489
                                 (802) 864-0880