THE AVANT BUILDING >> SUITE 1200 >> 200 DELAWARE AVENUE >> BUFFALO NY 14202-2150   p> 716.856.5500   f> 716.856.5510   w> damonmorey.com

BUFFALO >> CLARENCE >> ROCHESTER

WILLIAM F. SAVINO
Partner
wsavino@damonmorey.com
716.858.3790



DAMON MOREY LLP
ATTORNEYS AT LAW

November 27, 2012

Hon. Gary L. Sharpe
Chief Judge
United States District Court
Norhern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

    Re:    *O'HARA V. RANIERE*
            *Civ. No. 12-252 GLS/RFT*

Dear Judge Sharpe:

      This afternoon, we received notice that Joseph J. O'Hara filed a letter on November 27, 2012 requesting yet another 30 days to respond to the several motions to dismiss and the Rule 11 sanctions motions because of alleged continued medical problems, or alternatively, to "dismiss my claims without prejudice so that I can re-file some/all of them in the future."

      This morning, prior the filing of Mr. O'Hara's letter, we uploaded to the docket a Stipulation and Order of Dismissal with Prejudice executed by all of the defendants as well as Special Litigation Counsel for Douglas J. Wolinksy, Chapter 7 Bankruptcy Trustee for the bankruptcy estate of Joseph J. O'Hara. The Bankruptcy Trustee was authorized to dismiss the Complaint with prejudice pursuant to authorization of Bankruptcy Judge Robert E. Littlefield, Jr. by Order of October 29, 2012. Neither Mr. O'Hara nor his bankruptcy counsel of record filed an appeal and that Order is binding on him. The Order final and no longer appealable.

      The causes of action asserted in the captioned Complaint are property of the bankruptcy estate and "only the Trustee may bring or prosecute the District Court Action," (October 29, 2012 Order page 3). Among the cases cited in the October 29, 2012 Bankruptcy Court Order was this Court's decision in <u>Stanley v. Community Bank, N.A.</u>, 2009 U.S. Dist. LEXIS 8022 (N.D.N.Y. 2009) in which this Court recognized that the debtor has no standing to assert pre-petition claims which may be pursued only by the Bankruptcy Trustee as representative of the bankruptcy estate. 2009 U.S. Dist. LEXIS 8022, *6. Judge Littlefield adjudicated that all the causes of action asserted by Mr. O'Hara in the Complaint are property of the bankruptcy estate and authorized the Trustee to dismiss all the causes of action with prejudice.

>> progressive.firm.

Hon. Gary L. Sharpe
November 27, 2012
Page 2

      The Complaint is not Mr. O'Hara's to seek an extension of time to respond to the motions to dismiss or to dismiss the Complaint without prejudice. That is entirely the prerogative of the Bankruptcy Trustee who has determined to dismiss the Complaint with prejudice.

      As such, Mr. O'Hara's letter request should be denied, and the Court should so-order the Stipulation of Dismissal with Prejudice.

                                          Respectfully yours,

                                  *s/William F. Savino* (#507064)

                                          William F. Savino
                                        for DAMON MOREY LLP

wfs/mt
cc: Joseph J. O'Hara (via first class mail)
    Cory E. Friedman, Esq. (via e-mail)
    All counsel of record (via ECF filing)

Doc #1758302.1